1  Andrea F. Oxman (SBN 252646)
   JACKSON LEWIS P.C.
2  725 South Figueroa Street, Suite 2500
   Los Angeles, California 90017-5408
3  Telephone: (213) 689-0404
   Facsimile: (213) 689-0430
4  Andrea.Oxman@jacksonlewis.com

5  Attorneys for Defendant
   M5 DEV, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gilbert Salinas,<br><br>  Plaintiff,<br><br>  vs.<br><br>M5 Dev, LLC, a Delaware Limited Liability Company; and Does 1-10,<br><br>  Defendant. | CASE NO.: '21CV0384 JLS AGS<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF PLAINTIFF'S CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Filed concurrently with:<br>1. Declaration of Andrea Oxman,<br>2. Notice of Corporate Disclosure,<br>3. Notice of Interested Parties, and<br>4. Civil Case Cover Sheet. |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant M5 DEV, LLC ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1441(a) and 1446 and removes the above-entitled action to this Court from the Superior Court of the

State of California in and for the County of San Diego, asserting original federal jurisdiction pursuant to 28 U.S.C. section 1331.

## TIMELINESS OF REMOVAL

1. On January 19, 2021, Plaintiff GILBERT SALINAS ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of San Diego entitled *Gilbert Salinas v. M5 Dev, LLC,* Case No. 37-2021-00002378-CU-CR-NC (the "Complaint") which sets forth the following two (2) causes of action: (1) violation of the Americans with Disabilities Act of 1990 (the "ADA") and (2) violation of the Unruh Civil Rights Act. Declaration Andrea F. Oxman ("Oxman Decl."), ¶ 3; **Exhibit A**.

2. Defendant was personally served with Plaintiff's Summons and Complaint and related court documents on February 19, 2021. True and correct copies of the Summons, Complaint and other related court documents served on Defendant are attached to the concurrently filed Declaration of Andrea F. Oxman in support of this Notice of Removal as **Exhibit A.**

3. This removal is timely because it is filed within thirty (30) days after Defendant was served with Plaintiff's Summons and Complaint. This removal is filed within the time period mandated by 28 U.S.C. section 1446(b). The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means. *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## GROUNDS FOR REMOVAL

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1331 and 1367. Section 1331 states "[d]istrict courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition, this Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original federal jurisdiction that they form part of the same case…" 28 U.S.C. § 1367(a).

### A. This Court has jurisdiction over the first cause of action because it involves a federal question.

5.  Plaintiff's first cause of action seeks remedies under Title III of the ADA. Oxman Decl., Ex. A at 8:24-10:5, ¶¶ 30-33.  This is a federal statute, codified at 42 U.S.C. section 12181, et seq.  This cause of action implicates a United States federal statute and is thus encompassed by 28 U.S.C. section 1331.

### B. This Court has supplemental jurisdiction over the second cause of action.

6.  This Court has supplemental jurisdiction over Plaintiff's second cause of action, pursuant to 28 U.S.C. section 1367(a) because it is part of the same case or controversy over which this Court has original jurisdiction. District courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a); *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1070 (9th Cir. 2019).

7.  When claims based on federal law have a common nucleus of operative fact with those alleged under state law, federal courts should exercise supplemental jurisdiction over the state law claims. *Osborn v. Haley*, 549 U.S. 225, 245 (2007) (finding that pendent jurisdiction may be exercised when federal and state claims have a "common nucleus of operative fact" and would "ordinarily be expected to [be tried] all in one judicial proceeding[.]")

8.  Here, Plaintiff's second cause of action is for violation of the Unruh Civil Rights Act, codified at California Civil Code section 51.  *See* Oxman Decl., Exhibit A (Plaintiff's Complaint) at 10:7-24, ¶¶ 34-37.  Plaintiff's second cause of action arises from the same nucleus of operative fact from which Plaintiff alleges his first cause of action.  *Id.* at ¶ 36 ("Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, failing to comply with the ADA with respect to its reservation policies and practices.")  As Plaintiff alleges in his Complaint, "The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act." *Id.* at ¶ 35.

9. Because this Court has jurisdiction over Plaintiff's claims that require interpretation and application of the ADA, this Court should exercise supplemental jurisdiction over the remaining claim brought under the Unruh Civil Rights Act. *See also Sea-Land Service, Inc. v. Lozen International*, 285 F.3d 808, 813 (9th Cir. 2002); *Picard v. Bay Area Regional Transit Dist.*, 823 F. Supp. 1519, 1526 (N.D. Cal. 1993).

**NOTICE OF REMOVAL**

10. In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the San Diego County Superior Court. Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

11. The undersigned, as counsel for Defendant, has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. section 1446(a).

**VENUE**

12. Venue of this action lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. sections 84(c)(1) and 1391(b) because this is the judicial district of this Court in which the action arose and where the causes of action arose. Oxman Decl., Exhibit A (Plaintiff's Complaint), at 1:27 – 2:1-2, ¶ 2, 2:15-21, ¶¶ 4-5, 12-14.

13. WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of San Diego to this Court.

DATED: March 3, 2021                                    JACKSON LEWIS P.C.

                                    By: */s/ Andrea F. Oxman*
                                         Andrea F. Oxman

                                         Attorneys for Defendant
                                         M5 DEV, LLC

4844-5444-2718, v. 2